THAYER *v.* HART, Jr.

*(Circuit Court, S. D. New York.  July 29, 1885.)*

PATENTS FOR INVENTION—COSTS—ENFORCING PAYMENT—RECEIVER.
    When a bill for infringement of a patent has been dismissed, with costs to defendant, for which an execution has issued and been returned wholly unsatisfied, a receiver will not be appointed, on motion of defendant, to take possession of the patents as equitable assets, to be disposed of for the satisfying of the decree.

In Equity.
*Josiah P. Fitch,* for plaintiff.
*Frederic H. Betts,* for defendant.

WHEELER, J.   The bill in this case, which is for infringement of patents, has been dismissed, with costs to the defendant, taxed at $950.92, for which execution issued and has been returned wholly unsatisfied.   The defendant now moves for a receiver of the patents as equitable assets, to be disposed of for the satisfying of the decree. This decree, so far as it is for the payment of this sum for costs, is not different from a judgment for the recovery of money.   Execution issues upon it under the rule of the supreme court made pursuant to statute the same as upon judgments for money.   Rev. St. § 917; Equity Rule, 8.   There is no connection between the decree for costs and the relief sought; neither is it of any equitable nature otherwise. The costs are recovered because the bill was not sustained, as costs are in actions at law when the suit is not maintained.   The satisfying of the decree is no more equitable relief than the satisfying of any money judgment is.   Courts of equity have power to aid in the satisfaction of judgments at law by reaching assets which courts of law cannot reach.   This is done upon bill brought to reach particular property; and the bill is to be answered, or proceeded upon for want of answer, as in other cases; and the decree is founded upon the case made in respect to the property, although the right to proceed against the property rests upon the prior judgment.   Here the defendant has got no further than to become a judgment creditor of the plaintiff.  These patents, as equitable assets, cannot be taken to satisfy a money judgment except upon a decree for that purpose, which can only be had upon bill and answer, or failure to answer, in due course.   The remark of the learned judge in *Shainwald* v. *Lewis,* 6 FED. REP. 779, relied upon in support of the motion, is not to the contrary of these views, as that remark is understood.   Motion denied.